1

2

3

4

5

6

7                    **UNITED STATES DISTRICT COURT**

8                **CENTRAL DISTRICT OF CALIFORNIA**

9                       **WESTERN DIVISION**

10

11 **MR. ALDEN ALEXANDER THOMAS, SR.,** )     **Case No. CV 13-5982-DSF(AJW)**
                                 )

12           **Petitioner,** )
                                 )

13      **v.** )     **MEMORANDUM AND ORDER**
                                 )     **DISMISSING PETITION**

14 **WARDEN TIM J. OCHOA, et al.,** )
                                 )

15           **Respondents.** )

16 _____)

17        Petitioner filed this petition for a writ of habeas corpus by a

18 person in state custody on August 15, 2013. Petitioner alleges that

19 his state and federal constitutional rights have been violated by the

20 state's imposition of a ten percent administrative fee on his

21 restitution order. [Petition at 3, attached pages 3A-3C]. For the

22 following reasons, the petition is subject to summary dismissal. See

23 Rule 4 of the Rules Governing Section 2254 Cases.

24        Federal habeas relief is potentially available where a prisoner

25 attacks the validity or duration of his confinement. Wilkinson v.

26 Dotson, 544 U.S. 74, 78 (2005); see 28 U.S.C. § 2254(a). Section 2254,

27 however, "does not confer jurisdiction over a state prisoner's

28 in-custody challenge to a restitution order imposed as part of a

1 criminal sentence." Bailey v. Hill, 599 F.3d 976, 982 (9th Cir.

2 2010); see Flores v. Hickman, 533 F.Supp.2d 1068, 1085 (C.D.Cal. 2008)

3 ("A challenge to a restitution order does not affect the duration of

4 a prisoner's custody. As a result, a federal court cannot consider

5 such a challenge on habeas review.").

6     Petitioner does not challenge the validity or duration of his

7 confinement. Rather, he seeks relief from a restitution order. Because

8 petitioner's sole claim for relief is not cognizable on federal habeas

9 review, the petition is dismissed for lack of jurisdiction. Bailey,

10 599 F.3d at 981 (explaining that there is no jurisdiction over a state

11 prisoner's challenge to a restitution order because such a challenge

12 "lacks any nexus, as required by the plain text of § 2254(a), to his

13 custody").

14     It is so ordered.

16 Dated: 9/3/13

18 Dale S. Fischer
United States District Judge

2